Filed 12/27/22  P. v. Steele CA4/2
See concurring opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077444 |
| v. | (Super.Ct.No. FSB029421) |
| TEJAY ANTHONY STEELE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Andrew

1

Mestman and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

In 2001, a jury convicted defendant Teejay Anthony Steele of one count of forcible rape. (Pen. Code, § 261, subd. (a)(2); undesignated statutory references are to this code.) Steele was 20 when he committed the offense. Steele admitted that he had four prior convictions that qualified as prior serious felony convictions for purposes of subdivision (a) of section 667 as well as the "One Strike" law (§ 667.61), the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12), and the "Habitual Sex Offender" law (§ 667.71). (*People v. Steele* (Feb. 27, 2003, E030974) [nonpub. opn.] (*Steele I*).) The trial court sentenced him to 80 years to life.

Steele appealed, and we affirmed the conviction. We remanded for resentencing because the trial court had imposed an unauthorized sentence. (*Steele I*, *supra*, E030974.) On remand, the court sentenced Steele to 95 years to life. He appealed, and we affirmed. (*People v. Steele* (Nov. 29, 2004, E034721) [nonpub. opn.].)

In 2021, Steele moved for "'youthful offender' resentencing consideration and [an] evidence preservation proceeding" under sections 1203.01, 3051, and 4081. (Capitalization omitted.) The trial court denied the motion. It explained that Steele was ineligible for a youth offender parole hearing under section 3051, subdivision (h) (section 3051(h)), because he was sentenced under the Three Strikes law. On appeal from the order, Steele argues that the statutory exclusion from the youth offender parole process of

2

defendants who were sentenced under the One Strike law and the Three Strikes law violates his equal protection rights.  We affirm.

We independently review questions of constitutionality.  (*People v. Sands* (2021) 70 Cal.App.5th 193, 202.)  We review the trial court's ruling and not its reasoning, and we must affirm if the ruling was correct on any ground.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 351, fn. 11.)

Defendants who commit an offense when they are age 25 or younger and are sentenced to long prison sentences are entitled to youth offender "parole suitability hearings beginning in their 15th, 20th, or 25th year of incarceration, depending on the circumstances."  (*People v. Miranda* (2021) 62 Cal.App.5th 162, 181 (*Miranda*), review granted June 16, 2021, S268384; § 3051, subds. (a)(1), (b)(1)-(4).)  At a youth offender parole hearing, the Board of Parole Hearings is required to give great weight to certain youth-related factors.  (§ 4801, subd. (c); *People v. Medrano* (2019) 40 Cal.App.5th 961, 966 (*Medrano*).)  Section 3051(h) excludes from eligibility for such hearings defendants sentenced under either the One Strike law or the Three Strikes law.

A youth offender who is entitled to a youth offender parole hearing and whose conviction and sentence are final "may file a motion under section 1203.01 (and the trial court's powers under Code Civ. Proc., § 187) for the purpose of making a record of mitigating youth-related evidence" for the eventual hearing.  (*Medrano*, *supra*, 40 Cal.App.5th at p. 968; *In re Cook* (2019) 7 Cal.5th 439, 446-447.)

3

Steele was sentenced under both the One Strike law and the Three Strikes law, so he is ineligible for a youth offender parole hearing. (§ 3051(h).) There is a split of authority about whether the statutory exclusion of One Strike offenders violates equal protection. (Compare *People v. Williams* (2020) 47 Cal.App.5th 475, 493, review granted July 22, 2020, S262229 [does not violate equal protection] with *In re Woods* (2021) 62 Cal.App.5th 740, 760, review granted June 16, 2021, S268740 [violates equal protection].) The Supreme Court has granted review on the issue and will resolve the conflict. This court has already held that section 3051(h)'s exclusion of One Strike offenders from the youth offender parole process does not violate equal protection. (*Miranda*, *supra*, 62 Cal.App.5th at p. 182.) We continue to agree with *Miranda* that the statutory exclusion survives rational basis review because of the potentially greater recidivism risk posed by One Strike offenders. (*Id.* at p. 186; see also *Woods*, *supra*, 62 Cal.App.5th at pp. 762-766 (dis. opn. of Bendix, J.); *People v. Moseley* (2021) 59 Cal.App.5th 1160, 1170, review granted Apr. 14, 2021, S267309.) Rational basis review is not limited to reasons expressly articulated by the Legislature. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881; *Miranda*, at p. 184.)

We accordingly conclude that as a One Strike offender Steele is ineligible for a youth offender parole hearing, and he consequently is not entitled to a postjudgment proceeding to make a record of youth-related evidence for such a hearing. In light of

Steele's ineligibility, we need not and do not address his equal protection challenge to section 3051(h)'s exclusion of defendants sentenced under the Three Strikes law.[1]

DISPOSITION

The June 14, 2021, order denying Steele's motion for youth offender resentencing consideration and an evidentiary proceeding is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

I concur:

MILLER

Acting P. J.

---

[1] The probation officer's report indicates that Steele "used" another birthdate that would make him 26 years old when the offense was committed. We need not resolve any conflict concerning Steele's age because he is ineligible for a youth offender parole hearing regardless. (§ 3051, subds. (a), (h).)

5

[*People v. Steele*, E077444]

Slough, J., Concurring.

I disagree with the majority's conclusion that Steele is ineligible for a youth offender parole hearing as a One Strike offender. (Maj. opn. *ante*, at p. 4.)

Contrary to our prior opinion in *People v. Miranda* (2021) 62 Cal.App.5th 162, review granted June 16, 2021, S268384, targeting offenders with the greatest risk of re-offending by excluding One Strike offenders is not what the Legislature was doing. That's plain from the fact they *excluded* offenders whose sentences were enhanced under Penal Code section 667.61 as first-time offenders whose crimes were heinous enough to take them out after One Strike but *did not exclude* offenders who sentences were enhanced under section 667.71 as *habitual sex offenders* who they described as incurable. While courts "may engage in '*rational* speculation' as to the justifications for the legislative choice," we may not completely ignore "the realities of the subject matter." (*People v. Williams* (2020) 47 Cal.App.5th 475, 489 [italics added], review granted July 22, 2020, S262229.) I think that's what the majority is doing.

Here, it's apparent the Legislature meant to exclude One Strike offenders because of the heinous nature of their crimes, which include predicate crimes of rape, various forms of sexual assault, and continuous child sexual abuse. (Pen. Code, §§ 261, subds. (a)(2), (6); 264.1; 288, subds. (a), (b); 289, subd. (a); 286, subds. (c)(2), (c)(3), (d); 287, subds. (c)(2), (c)(3), (d).) In any event, "the recidivism explanation for differentiating

1

between [One Strike offenders] and first degree murderers ignores the fact that, although violent rapists do recidivate, and the state has a legitimate interest in severely punishing this crime, murderers, too, recidivate, and the state has an interest in severely punishing the crime of murder . . . The equal protection inquiry is not whether the concern for sex offender recidivism justifies the denial of parole eligibility for sex offenders, but whether a theory of recidivism can rationally justify the categorical exclusion of One Strike offenders from parole hearings while first degree murderers are entitled to such hearings *when both classes of offenders recidivate*." (*In re Woods* (2021) 62 Cal.App.5th 740, 757 [cleaned up].) I agree it cannot.

However, I reach the same conclusion as the majority in this case because Steele was also sentenced as a Three Strikes offender. Though the One Strike law was designed to punish certain sexual offenses more harshly because of the seriousness of the offenses and despite the lack of a connection to recidivism, the Three Strike law specifically targets serious recidivists, and the Legislature could rationally have excluded offenders who already established their resistance to rehabilitation on that basis. (*People v. Wilkes* (2020) 46 Cal.App.5th 1159, 1166-1167; *People v. Edwards* (2019) 34 Cal.App.5th 183, 199 [noting "criminal history plays no role in defining a One Strike crime. The problem in this case is that an entire class of youthful offenders convicted of a crime short of homicide is, regardless of criminal history, categorically exempted from an opportunity offered to *all* youthful first degree murderers except those sentenced to LWOP"]; *People*

*v. Moore* (2021) 68 Cal.App.5th 856, 864 [what distinguishes Three Strikes offenders from One Strike offenders is "they are not being sentenced for a first-time offense"].)

I therefore concur in the judgment.

SLOUGH          <br>J.